IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY CLAY WALKER,

        Petitioner,        Civil No. 07-882-CL

      v.                   REPORT AND
                             RECOMMENDATION

GUY HALL,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence for compelling prostitution.

    Respondent filed an Answer (#25) and Response (#24) moving to deny petitioner's petition and dismiss this proceeding on November 5, 2009. Petitioner's brief was due by January 5, 2009, and this matter was taken under advisement by the court on January 20, 2009.

    On April 1, 2009, petitioner was allowed 21 days to file a brief and advised that this matter would be decided on the

1 - REPORT AND RECOMMENDATION

record before the court after the expiration of 21 days. Petitioner has not filed a brief or requested an extension of time in which to do so.

Respondent's Answer (#25) and Exhibits (#26) establish that following a no contest plea to a charge of compelling prostitution, petitioner was sentenced to 70 months imprisonment. Petitioner directly appealed his conviction but subsequently moved to voluntarily dismiss the appeal.

Petitioner filed an amended petition for post-conviction relief, but the court denied relief, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging two grounds for relief: In Ground One, petitioner alleges six claims of ineffective assistance of counsel; in Ground Two petitioner alleges that the trial judge "got involved in plea discussion" and "forced" petitioner to accept a plea agreement.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence

2 - REPORT AND RECOMMENDATION

of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims

3 - REPORT AND RECOMMENDATION

in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

Accordingly, a federal claim is "fairly presented to the state courts only if it was (1) properly presented to the state's supreme court, (2) as a federal question, (3) in the appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered.

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, O'Sullivan, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the

4 - REPORT AND RECOMMENDATION

claims will result in a miscarriage of justice." <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993);

In this case, petitioner procedurally defaulted ground one, in which he alleges his trial counsel was deficient in five particulars. Petitioner did not raise any of these claims in his post-conviction relief petition. Respondent's Exhibit 110, with the possible exception of the allegation in claim one that trial counsel did not "bring to court my psychological history." The remaining claims in ground one were not raised in the PCR petition, or in the affidavit attached to the PCR petition or in the "Judicial Notice" document petitioner filed. Respondent's Exhibit #123.

Petitioner did not raise the "psychological history" claim in the Court of Appeals. Respondent's Exhibit #127. Petitioner raised part of the last claim of ground one (that his lawyer had a bar complaint at the time of the plea) in the Court of Appeals, Respondent's Exhibit 127, Assignment of Error #4, and in the Supreme Court. Respondent's Exhibit #131. However, petitioner's failure to raise that claim in the PCR petition constitutes a procedural default.

Petitioner has not established any cause and prejudice for his procedural default and failure to exhaust the claims alleged in ground one.

As noted above petitioner arguably exhausted his claim that his counsel was deficient for failing "to bring to court

5 - REPORT AND RECOMMENDATION

(petitioner's) psychological history."

However, the PCR trial court found that petitioner's had "outstanding representation" from counsel, and that petitioner had not sustained his burden of proving this attorney failed to adequately investigate. Respondent's Exhibits #127 p. 21-22 and Exhibit #128. The PCR court finding is entitled to deference under 28 U.S.C. §2254(d).

Moreover the PCR court finding is supported by the record which establishes that his attorney did investigate the case and reasonably determined that a "guilty but insane" defense was not warranted. Respondent's Exhibit 126 at p. 2-4.

Respondent acknowledges that petitioner "arguably has exhausted ground two - but only to the extent that he claims the trial judge forced him to plead guilty." Response to Petition (#24), P. 7. In support of this claim petitioner alleges that the judge refused to give him a set-over and advised him that the plea agreement was a "good deal." Petition (#1), p. 6.

The record reflects that the trial judge stated that because there were "so many counts" and "given the potential range of sentences" petitioner faced, he felt that a settlement conference was a "very good idea." Exhibit 105, p. 5-6. The judge then allowed petitioner to participate in a settlement conference to discuss a plea agreement with a different judge. Id.

The record further reflects that the trial judge's

refusal to grant a continuance on the morning of trial was entirely reasonable under the circumstances. Respondent's Exhibit #106.

There is no evidence in the record that the judge was improperly involved in plea negotiations, "forced" petitioner to accept a plea or coerced petitioner in any way. Petitioner's claim in this regard fails as a factual matter.

Based on all of the foregoing, petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of April, 2009.

7 - REPORT AND RECOMMENDATION

_____
Mark D. Clarke
United States Magistrate Judge

8 - REPORT AND RECOMMENDATION